BOHAN, RESPONDENT, *v.* HARRIS ET AL., APPELLANTS.

(No. 5,548.)

(Submitted September 23, 1924. Decided November 15, 1924.)

[230 Pac. 586.]

*Mortgages — Foreclosure—Attorney's Fees—How Determined —Pleadings—Surplusage—Appeal and Error.*

Appeal and Error—Conceded Inadvertent Error in Judgment—Failure to Ask for Correction in Trial Court—Improper Practice.
1.   Where the trial court inadvertently inserted a provision in a decree of foreclosure which had no place therein, and respondent on appeal conceded that it was an inadvertence and stated that he had always been willing to assent to a correction thereof, the matter should have been called to its attention and not made the basis of an assignment of error.

Mortgages—Foreclosure—Premature Action—Contention Without Merit.
2.   Where a mortgage provided that in case the mortgagor failed to pay taxes and interest as they matured, the mortgagee could at once foreclose, and upon failure to make payments for three years action was commenced and defendants admitted nonpayment but while pleading affirmatively that plaintiff had waived their defaults did not offer any evidence in support of the defense, the contention that the action was prematurely brought, *held* without merit.

Same—Attorney's Fee—Pleading—Surplusage.
3.   Under section 9798, Revised Codes of 1921, the district court must allow a reasonable attorney's fee in a foreclosure action, and

---

3.   What is reasonable attorney's fee in absence of contract, see notes in Ann. Cas. 1916B, 263; Ann. Cas. 1918D, 945.

[71 Mont. 495.]

with its determination in that respect the parties have nothing to do; hence allegations in the pleadings with reference thereto present no issues of fact and are surplusage.

Same—Fixing of Attorney's Fee—Province of Trial Court.

4. In fixing an attorney's fee in a foreclosure proceeding the district court may consider the practice of the court and its own knowledge of the usual compensation for such services, and while it also may call to its aid attorneys as expert witnesses, it is not required to make its decision in accordance with their testimony.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

SUIT to foreclose a mortgage by Ella Bohan against H. O. Harris, Mary Harris, the Ulm Irrigation District and others. From a decree for plaintiff, defendants named appeal. Modified, as to Ulm Irrigation District, and affirmed.

Cause submitted on briefs of Counsel.

*Mr. John W. Stanton,* for Appellant.

*Messrs. Cooper, Stephenson & Hoover,* for Respondent.

Respondent introduced no evidence to support the attorneys' fee allowed by the trial court and appellants contend for this reason that respondent is not entitled to recover an attorneys' fee. Several reputable courts hold that no evidence need be introduced in order to support a finding as to reasonable attorney's fees by a trial court where an action is upon an instrument, as in this case, which stipulates that a reasonable attorneys' fee may be recovered in the event of suit. (*Spencer* v. *Collins,* 156 Cal. 298, 20 Ann. Cas. 49, 104 Pac. 320, 323; *Dempsey* v. *Schawacker,* 140 Mo. 680, 38 S. W. 954; affirmed, 41 S. W. 1100; *Burns* v. *Staacke* (Tex.), 53 S. W. 354; *Noftzger* v. *Moffett,* 63 Kan. 354, 65 Pac. 670.) It may be conceded, however, that fully as many and perhaps more courts hold that in similar circumstances no attorneys' fees should be allowed. The question seems to be open in Montana. It has been held that the trial court may take judicial notice of the work involved in the case and the other factors

necessary to ascertain a reasonable fee and from his knowledge so gained, fix such fee. (*Kratz* v. *Heins* (Iowa), 169 N. W. 33; *Fitzpatrick's Committee* v. *Dundon,* 179 Ky. 784, 201 S. W. 339; *Pearce* v. *Albright,* 12 N. M. 202, 76 Pac. 286; *Carr* v. *Bonthius,* 79 Wash. 282, 140 Pac. 339; *State* v. *Bank of Commerce,* 49 La. Ann. 1060, 22 South. 207.)

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This suit, to foreclose a mortgage was begun in May, 1923. In 1920 the defendants H. O. Harris and Mary Harris, his wife, executed and delivered to the plaintiff a promissory note for $2,500, due five years after date. The note bore interest at the rate of eight per cent per annum, the interest payable annually, and provided for "reasonable attorney's fees." At the same time the defendants Harris executed and delivered to plaintiff a real estate mortgage to secure payment of the note. The mortgagors agreed if they failed to pay "any interest as the same becomes due," or any taxes, or if they should fail otherwise "to comply with any one or all of the conditions of this mortgage, then all of said debt secured hereby shall become due and collectible. * * * And this mortgage may be foreclosed for the full amount together with costs, taxes, insurance, cost of abstract of title, attorney's fees. * * * " After setting forth in her complaint the execution and delivery of the note and mortgage and her present ownership of the same, plaintiff alleged that the defendants Harris had defaulted in the payment of the interest due upon the note upon March 12, in the years 1921, 1922 and 1923, that no part of the principal or interest had been paid, and also that the defendants had defaulted in the payment of taxes regularly levied and assessed against the premises for the years 1920, 1921 and 1922.

In paragraph 8 plaintiff alleged in substance that by virtue of the defaults above mentioned "plaintiff has elected to declare and does declare as in said mortgage provided the whole

amount of principal and interest to be now due and payable.''

Plaintiff then alleged, in paragraph 9, that in order to collect the amount of principal and interest due upon the promissory note it had become necessary for her to institute and prosecute an action for that purpose, and she had employed attorneys in that behalf, and that the sum of $200 is a reasonable attorney's fee to be allowed her as in the promissory note and mortgage provided.

Other persons and corporations were made defendants, it being alleged that they had certain claims upon the mortgaged property adverse to but subject to and subservient to plaintiff's rights.

Defendants Harris admitted the execution and delivery of the note and mortgage; that they had not paid the principal of the note or the interest thereon; that they had defaulted in the payment of the taxes as alleged. They denied plaintiff's allegations as to her ownership of the note and mortgage and also plaintiff's paragraphs 8 and 9, except they admitted plaintiff had employed the attorneys therein mentioned.

In an affirmative defense defendants Harris asserted that the promissory note had not matured and was not due because plaintiff had ''waived all defaults in the payment of interest and taxes mentioned in said complaint.'' The allegations of plaintiffs' reply are not material to this inquiry.

The defendant Ulm Irrigation District, by failing to deny, admitted the allegations of plaintiff's complaint, but set up matters in avoidance, to which plaintiff replied.

At the trial plaintiff introduced in evidence the note and mortgage, proof of the ownership thereof, and rested. Defendants did not introduce any evidence, rested and moved for a directed verdict, which was denied. Plaintiff then moved for a directed verdict. Then, by the consent of all the court took the case from the jury; and thereafter rendered decree for plaintiff as against the defendants Harris for the full amount of the promissory note, interest, an attorney's fee of $200 and costs. The court adjudged the lien of Ulm Irrigation District

to be superior to plaintiff's mortgage, but in the concluding paragraph of the decree provided that all defendants are barred, cut off and foreclosed of any and all rights, *etc.*, except that of redemption. The defendants Harris and Ulm Irrigation District have appealed from the judgment.

The first error assigned is to the effect that as the court had [1] decided that the mortgage "constitutes a first lien subject only to county taxes and taxes and assessments of Ulm Irrigation District upon the land decreed to be sold," it was error not to except Ulm Irrigation District from the provisions of that part of the decree barring "the defendants and each of them" from any interest or claim in the land after the period of redemption. The plaintiff admits this error but says it was the result of mere inadvertence; says she has always been willing to assent to a correction of the decree in this respect. We see no reason why counsel for Ulm Irrigation District did not seasonably call this mistake to the attention of the trial court which undoubtedly would have made the correction upon request. The matter should not have been brought to this court upon that phase of the case, in the absence of a showing that the lower court had failed upon proper request to make the necessary correction.

The second and third specifications may be discussed together. They are to the effect that there being no evidence that there was any unpaid matured interest due on the note when suit was brought and none as to the value of attorney's fees, the court should not have given judgment for plaintiff and should not have awarded any attorney's fee; on the contrary should have rendered judgment for defendants.

There is not even a semblance of merit in the contention [2] that the suit was brought prematurely. Defendants seem to have overlooked the admissions of their answers. By the terms of the note the makers pledged themselves to pay the interest annually. Admittedly three years' interest was unpaid. Contrary to the terms of the mortgage they had failed to pay the taxes for three years. The accelerating clause of

the mortgage authorized plaintiff to declare the note due should the mortgagor fail to pay the interest when due or fail to pay the taxes. That plaintiff exercised her option to declare the note due was established by the suit itself, and it was futile for defendants to attempt to deny it. Whether the attempt to plead that plaintiff had "waived the defaults" is a sufficient statement of that defense we need not stop to consider; the defense was an affirmative one, in support of which defendants did not offer any evidence.

Not only do note and mortgage provide for a reasonable [3] attorney's fee, but section 9798, Revised Codes of 1921, reads: "In an action to foreclose a mortgage or pledge, the court must allow as a part of the costs a reasonable attorney's fee, which shall be fixed by the court, any stipulation in the mortgage or any agreement between the parties to the contrary notwithstanding."

The mandate of this statute is unequivocal and plain. It requires the court to fix and allow a reasonable attorney's fee as a part of the costs in the action. In fixing the fee the court is called upon to exercise a sound judicial discretion. With the determination of the amount of the fee (in the absence of a specific contract between the parties respecting the attorney's fee to be allowed in the foreclosure, the effect of which we are not called upon to decide but expressly reserve opinion) the parties have nothing to do. Consequently their allegations in the pleadings with reference thereto do not present an issuable fact, and are but surplusage.

In fixing the fee the judge, of course, may call to his aid [4] the practice of the court and his own knowledge of the usual compensation for such services, without availing himself of evidence based upon the views and experience of other attorneys, or in his capacity as chancellor he may seek their aid as expert witnesses for his enlightenment; yet, if he does call them to his assistance he is not required to make his decision in accordance with their testimony. (See, generally, *Watson* v. *Sutro,* 103 Cal. 170, 37 Pac. 201; *Spencer* v. *Collins,* 156 Cal.

298, 20 Ann. Cas. 49, 104 Pac. 320; *Pearce* v. *Albright,* 12 N. M. 202, 76 Pac. 286; *Johnson* v. *Blanks,* 68 Tex. 497, 4 S. W. 557; *Kratz* v. *Heins* (Iowa), 169 N. W. 33; *Carr* v. *Bonthius,* 79 Wash. 282, 140 Pac. 339.)

That the court in the first instance had the power to fix and allow a reasonable attorney's fee as part of the costs in the action without the reception of evidence respecting the same, when the parties intended by their contract that the fee should be a part of the costs, was determined in *Bovee* v. *Helland,* 52 Mont. 151, 156 Pac. 416. Defendants do not contend that the court abused its discretion in fixing the fee in this case at $200. They deny that the court had the right to fix any fee whatever. In this they are in error, but the court was not.

The lower court is directed to modify the concluding paragraph of the decree by giving recognition to the paramount lien of the Ulm Irrigation District. When so modified the decree shall stand affirmed with costs to plaintiff. *Remittitur* forthwith.

*Modified and affirmed.*

ASSOCIATE JUSTICES RANKIN, HOLLOWAY and STARK concur.

MR. JUSTICE GALEN, absent on account of illness, takes no part in the foregoing decision.