PATTERSON et al., Appellants, v. LAW et al., Respondents.

(No. 6,021.)

(Submitted January 7, 1927.  Decided January 31, 1927.)

[254 Pac. 412.]

*Trial—Codefendants—Dismissal of Cause as to One—Costs—Appeal—Theory of Case.*

Costs—Dismissal of Action as to One of Several Codefendants—Dismissed Defendant Entitled to Costs.
1.  Construing the several provisions of the statute relating to costs together, *held* that where plaintiff at the time the cause was called for trial dismissed the action against one of the defendants sued with others, a severance of the action as to that defendant took place, and he was entitled to the costs necessarily incurred by him in preparing for trial, summoning witnesses, *etc.*, the same as if he had been made the sole defendant in the first instance.

Same—Witness Fees—What Insufficient to Deprive Party of Costs.
2.  The mere fact that witnesses of defendant entitled to his costs on dismissal of an action as to. him failed to observe a rule of court requiring witnesses to make affidavit of attendance showing the *per diem* and mileage to which they were entitled did not affect his right to recover his necessary disbursements to them.

Same—Value of Use and Occupation of Land—Verdict for Less Than Fifty Dollars—Plaintiff not Entitled to Costs.
3.  In an action by the purchaser of land at foreclosure sale to recover from a tenant in possession the reasonable value of its use and occupation, in which the recovery was less than fifty dollars, plaintiff was not, under subdivision 3 of section 9787, entitled to his costs.

Appeal—Theory of Case on Which Cause Tried Binding on Parties.
4.  Where plaintiff (appellant) tried his cause in the district upon a certain theory he will be held to that theory in the supreme court on appeal.

[1]    Costs, 15 C. J., sec. 121, p. 71, n. 38, 39.
[2]    Costs, 15 C. J., sec. 302, p. 135, n. 99 New.
[3]    Costs, 15 C. J., sec. 46, p. 44, n. 45.
[4]    Appeal and Error, 4 C. J., sec. 2556, p. 662, n. 82; sec. 2609, p. 701, n. 49.

*Appeal from District Court, Wheatland County, in the Fourteenth Judicial District; Edgar J. Baker, a Judge of the Tenth District, presiding.*

4.  See 2 R. C. L. 79.

ACTION by Jennie Patterson and another against James D. Law and another. Verdict for plaintiffs against the named defendant only. From a judgment for costs for defendant Frank J. Holmes, and from a judgment sustaining defendant Law's motion to strike cost bill of plaintiffs, they appeal. Affirmed.

*Mr. Emmet O'Sullivan,* for Appellants, submitted a brief and argued the cause orally.

*Messrs. Jones & Jones,* for Respondents, submitted an original and a supplemental brief; *Mr. Robert N. Jones* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

On May 6, 1921, Jennie Patterson, one of the plaintiffs, purchased certain lands at foreclosure sale, and on May 10, 1921, the sheriff issued to her the statutory certificate of sale. On May 11, 1921, she sold an undivided one-fourth interest therein to Bertha S. Nelson, her coplaintiff, and on that day, plaintiffs allege they demanded possession of the land from the defendants, who were in possession, but the defendants refused to comply, claiming the right of possession in themselves, whereupon plaintiffs informed the defendants that if they remained in possession of the premises the plaintiffs would hold them liable for the reasonable rental value thereof; and defendants held possession until the 9th of May, 1922. (This action was commenced in December, 1922.) To the complaint the defendants interposed a joint demurrer which was overruled. They then filed a joint answer wherein it was denied that the defendant Holmes was ever in occupation or possession of the premises or any part thereof; and it was alleged that defendant Law had been in the rightful occupation

and possession thereof by virtue of a lease granted him by the owner of the legal title prior to the time the plaintiffs had or claimed any interest in the lands whatsoever. After the pleadings were settled, two jury trials followed. Upon the first trial the jury disagreed. When the cause was called for trial the second time the plaintiffs moved to dismiss the action as to the defendant Holmes. The motion was sustained and the court granted Holmes "leave to file a judgment for his costs." In due time he filed his cost bill and later judgment in his favor was entered thereupon. The trial proceeded with Law as the sole defendant, resulting in a verdict against him for $45. Within the five-day period following the return of the verdict the plaintiffs served and filed their cost bill. (Sec. 9803, Rev. Codes 1921.) The plaintiffs seasonably moved to strike from the files the cost bill of the defendant Holmes, and the defendant Law did the like with respect to their cost bill. The court overruled plaintiffs' motion and sustained that of defendant Law. The plaintiffs have appealed. No point is made respecting the regularity of the appeal.

The questions for decision are: (1) Did the court err in allowing Holmes his costs? (2) In refusing to allow the plaintiffs their costs?

I. Under the provisions of section 9317, Revised Codes of [1] 1921, an action may be dismissed by the plaintiff himself, at any time before trial, upon payment of costs (in the absence of a counterclaim pleaded or affirmative relief sought). And section 9321 provides that upon the dismissal or disposition of an action in which the court has jurisdiction of the subject matter, it is the duty of the court to render judgment for costs. But plaintiffs' counsel insists that Holmes may not avail himself of the foregoing sections for the reason that he defended jointly with Law.

The following sections of the Revised Codes of 1921 are to be considered:

9787: "Costs are allowed, of course, to the plaintiff upon a judgment in his favor, in the following cases:

"1. In an action for the recovery of real property, or damages thereto.

"2. In an action to recover the possession of personal property, where the value of the property exceeds fifty dollars; such value shall be determined by the jury, court, or referee by whom the action is tried.

"3. In an action for the recovery of money or damages, exclusive of interest, when plaintiff recovers over fifty dollars.

"4. In a special proceeding.

"5. In an action which involves the title or possession, or right of possession, of real estate, or the legality of any tax, impost, assessment, toll, or municipal fine, or quo warranto proceedings.

"6. In an action to foreclose a lien or pledge, or to prevent or abate a nuisance, or for an injunction."

9788: "Costs must be allowed, of course, to the defendant, upon a judgment in his favor in the actions mentioned in the next preceding section, and in special proceedings."

9790: "When there are several defendants in the actions mentioned in section 9787, not united in interest, and making separate defenses by separate answers, and plaintiff fails to recover judgment against all, the court must award costs to such of the defendants as have judgment in their favor."

Basing his argument upon the last quoted section plaintiffs' counsel contends that in order for a defendant sued jointly with another to recover his costs upon a dismissal in his favor he must not only not have been united in interest with the other defendant but he must have appeared and pleaded separately in the action.

Whatever merit there may be in this argument where the facts justify it we think it has no application here. The dismissal was at the instance of plaintiffs. They had charged the

defendants with a joint liability based upon an alleged joint occupation of the premises by defendants, but had been apprised by the answer of Holmes' defense that he had never been in the occupation or possession of the premises. Despite this, the action was continued against Holmes, who was compelled to prepare for trial at cost and inconvenience to himself. He was obliged to summon witnesses and attend the trial personally. Not until the case had actually been called for trial was the action dismissed as to him. In thus dismissing the action as to Holmes the plaintiffs admitted, impliedly at least, that the action as to him should not have been commenced. (*State ex rel. Cornue* v. *Lindsay*, 24 Mont. 352, 61 Pac. 883.)

By that action plaintiffs elected to proceed against Law alone, and thereby they brought about a complete severance of the action, converting it into a separate action against Law as effectively as if he had been made the sole defendant originally. (*Golden* v. *Northern Pac. Ry. Co.*, 39 Mont. 435, 18 Ann. Cas. 886, 34 L. R. A. (n. s.) 1154, 104 Pac. 549.)

When the several provisions of our statutes governing costs are construed together, as they must be (*Jones* v. *Great Northern Ry. Co.*, 68 Mont. 231, 37 A. L. R. 754, 217 Pac. 673), we have no doubt that when a plaintiff dismisses an action against a defendant sued with others, a severance of the action as to that defendant takes place, and he is entitled to the costs necessarily incurred by him as if he had been made the sole defendant in the first place. Certainly this construction of the statutes "is one that will appeal to the sense of fairness and justice of everyone, and is the one which we will assume the legislature intended should be given to its declarations upon that subject." (*Spinks* v. *Superior Court*, 26 Cal. App. 793, 148 Pac. 798. See generally 15 Cyc. 71.)

A minor matter under this head is that the court erred in [2] refusing to strike from the cost bill of Holmes items re-

lating to the mileage and per diem of four of his witnesses. The reason assigned is that none of these witnesses made an affidavit of attendance as required by a rule of the trial court, which is as follows: "All witnesses in civil actions shall upon being excused, make and file with the clerk, an affidavit of attendance, showing the *per diem* and mileage to which such witness is entitled." Without pausing to discuss the purpose or effect of the rule, it does not prevent a party from invoking the benefit of the statute which provides in part, that "a party to whom costs are awarded in an action is entitled to include in his bill of costs his necessary disbursements, as follows: The legal fees of witnesses, including mileage, * * * ." (Sec. 9802, Rev. Codes. 1921.) A litigant who subpoenas a witness is liable, primarily, for the legal fees and mileage of the witness. It is not argued that failure of the witness to comply with the court rule absolves the litigant from paying him, and it is not likely that anyone will advance such an argument. Surely, then, it cannot be held that the failure of the witness to comply with the rule affects the right of the litigant to recover his necessary disbursement to the witness.

II. This action is essentially one for the recovery of money [3] for the reasonable value of the use and occupation of lands, for mesne profits. The purchaser, from the time of the sale until a redemption, is entitled to receive from the tenant in possession the rents of the property sold, or the value of the use and occupation thereof. (Sec. 9448, Rev. Codes 1921; *Citizens Nat. Bank* v. *Western Loan & Bldg. Co.,* 64 Mont. 40, 208 Pac. 893; *Power Mercantile Co.* v. *Moore Mercantile Co.,* 55 Mont. 401, 177 Pac. 406; *Leyson* v. *Davenport,* 38 Mont. 62, 98 Pac. 641.) This being so, the applicable provision respecting costs is subdivision 3 of section 9787, *supra.* Counsel for plaintiffs seeks strenuously to escape this conclusion by attempting to demonstrate that the action involved also the title, possession and right of possession, of real property. Hence he

claims plaintiffs are entitled to costs under subdivision 5 of section 9787. Upon the record this contention cannot be maintained. Beyond any doubt whatever the cause was tried by [4] the respective parties upon the theory that the action was "for the reasonable value of the use and occupation of certain premises during the period of redemption." The quotation is from the opening sentence of plaintiffs' brief. Upon this theory court and respective counsel agreed in the conduct of the trial. Having tried the case upon that theory in the trial court, counsel will be held to that theory in this court. (*Moss* v. *Goodhart,* 47 Mont. 257, 131 Pac. 1071; *Bode* v. *Rollwitz,* 60 Mont. 481, 199 Pac. 688.)

As the plaintiffs recovered but $45, the court decided correctly that they were not entitled to their costs.

The judgments are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES MYERS, STARK, MATTHEWS and GALEN concur.

Rehearing denied March 7, 1927.