GRAHAM et al., Respondents, v. SUPERIOR MINES, Appellant.

(No. 7,437.)

(Submitted September 16, 1935. Decided September 27, 1935.)

[49 Pac. (2d) 443.]

428

Cause submitted on briefs of Counsel. ·

Mr. *Walter T. Murphy,* for Appellant, submitted an original and a reply brief.

Mr. *W. L. Hyde* and Mr. *Howard Toole,* for Respondents.

MR. JUSTICE STEWART delivered the opinion of the court.

This is "an appeal from the judgment of dismissal by the court, wherein the defendant Superior Mines, a corporation, appellant here, was awarded its costs in the sum of $2.50, but was denied as a part of its costs an attorney's fee in the sum of $350.00, or in any sum."

On August 4, 1934, the respondents, Katie Graham and W. L. Hyde, filed in the district court of Mineral county an action against the appellant Superior Mines and others, to foreclose a chattel mortgage. On August 17 appellant appeared by general and special demurrer, wherein it was asserted, among other grounds, that the court had no jurisdiction of the action. On August 18 the respondents (plaintiffs) filed a motion to dismiss the action without prejudice. On August 21 respondents filed with the clerk of the court a praecipe of dismissal, directing him to enter dismissal of the cause without prejudice "by proper entry thereof in your register."

On September 26 the court made the following order: "The motion of plaintiffs to dismiss the above-entitled action without prejudice, having heretofore been argued and submitted to the court, now on this 26th of September, 1934, the said motion is sustained and it is ordered that the action be dismissed without prejudice and that the defendants have judgment for their costs." This order was filed on September 28. Thereafter appellant filed its cost bill, enumerating as its costs $2.50 appearance fee and $350 attorney's fee. The following day respondents filed a motion to strike the cost bill from the files, upon the grounds: (1) That "the same and the items shown therein, are, excepting the first item, unauthorized by statute; (2) that in this case the court is without jurisdiction to enter any judgment for costs; (3) that said memorandum of costs and disbursements is unauthorized and without any force or effect in said cause, and that the court is without any jurisdiction to consider the same." Thereafter the court heard argument upon the motion and took the matter under advisement. Subsequently the court made an order wherein it was ordered that the attorney's fees

be stricken as an item of costs. Appellant then prosecuted this appeal.

Respondents assert that this is an appeal from a judgment for costs incorporated in an order of dismissal, rather than an appeal from a "judgment of dismissal," as designated by appellant. As we view it, however, this is a question of no particular importance.

From the foregoing statement of the case it is manifest that the procedure followed in obtaining the dismissal and the judgment for costs was somewhat novel and unusual. Section 9317, Revised Codes 1921, provides in part as follows: "An action may be dismissed * * * in the following cases: 1. By the plaintiff himself, at any time before trial, upon payment of costs; provided, a counterclaim has not been made, or affirmative relief sought by the answer of the defendant. * * * 2. By either party upon the written consent of the other. * * * 7. * * * The dismissal mentioned in the first two subdivisions is made by entry in the clerk's register."

Obviously, the usual procedure for obtaining a dismissal in ██ accordance with the terms of the above statute consists in filing with the clerk a praecipe for the dismissal of the action and directing the clerk to enter dismissal on the register of actions. "When such acts have been performed the case is dismissed, and has passed entirely beyond the jurisdiction of the court, except for the purpose of entering a judgment for costs in favor of the defendant * * * , if the defendant so demands." (*Miller* v. *Northern Pacific Ry. Co.*, 30 Mont. 289, 76 Pac. 691, 694; *State ex rel. Stephens* v. *Keaster*, 82 Mont. 126, 266 Pac. 387.) In such a case the dismissal is complete upon entry in the clerk's register. (*Miller* v. *Northern Pacific Ry. Co.*, supra.)

In this case the respondents, in the first instance, instead of following the procedure just outlined, chose rather to make a motion to the court for a dismissal of the action. In construing a statute practically identical with section 9317, the California supreme court has held that if the plaintiff so desires he may obtain the dismissal by "making the motion to the court, and

taking the order which, when entered, should be noted by the clerk in the register of actions." (*Richards* v. *Bradley*, 129 Cal. 670, 62 Pac. 316, 317.)

It will be observed that after respondents had filed their motion to have the action dismissed, and before the court had passed upon it, they also filed with the clerk a praecipe directing him to enter a dismissal upon the register of actions. Presumably this was done; at least, there is nothing in the record to indicate otherwise.

Respondents contend that the court erred in rendering a judgment for costs against them at the time it granted the motion for dismissal. This contention may be technically correct, because the appellant had not then made an application for its costs. Appellant, however, did subsequently file its cost bill, and respondents filed their objections thereto. A hearing was had and the matter of costs taken under advisement by the court.

We fail to see wherein the respondents suffered any injury from the irregularity in the procedure. Particularly this is true in view of the fact that no point was made or argued that the cost bill may have been filed out of time. After the dismissal was effected, the appellant could have made application for its costs. In the case of *Patterson* v. *Law*, 78 Mont. 221, 254 Pac. 412, involving a like condition, the filing of a cost bill was apparently treated as being a sufficient application for costs. We are unable to see that any substantial rights of respondents were prejudiced. Certainly, appellant should not, because of such procedure, be denied its costs to which it was otherwise entitled. Particularly is this true when it appears, as it does here, that the acts of the respondents contributed just as much toward the irregularities as did the acts of the opposing party or the court.

Section 9321, Revised Codes 1921, provides: "Upon the dismissal or disposition of an action in which the court has jurisdiction of the subject-matter of the action, it is the duty of the court to render such judgment for costs." Pursuant to that statute this court has held that "a judgment of dismissal carries with it a judgment for costs, * * * just as much as

does a judgment on the merits." (*Fergus Motor Co.* v. *Schott,* 95 Mont. 249, 26 Pac. (2d) 365, 368; *Patterson* v. *Law,* supra; *Dahler* v. *Steele,* 1 Mont. 206.)

Respondents contend that because appellant stated as one of its grounds of demurrer that "the court has no jurisdiction of the action," it is now estopped to claim that the court has jurisdiction to enter a judgment in its favor for costs. They insist that this constitutes, on the part of appellant, a change of position which violates the general rules of equity and estoppel. There is no merit in this contention. The allegation in the demurrer with reference to the jurisdiction of the court presented a question of law. Because of the dismissal of the action that legal question was never decided by the court. It cannot be held that appellant so changed its position that it was not entitled to its costs. The alleged change of position by appellant was clearly with respect to a matter of law, as distinguished from a question of fact. There is no basis for the position asserted by respondents in this regard. (See 21 C. J. 1223, and cases cited.)

Having determined that appellant was entitled to its costs, we have now only to see whether it was entitled to an allowance as attorney's fees as a part of such costs.

This was an action for the foreclosure of a mortgage. Section 9798, Revised Codes 1921, provides: "In an action to foreclose a mortgage or pledge, the court must allow as a part of the costs a reasonable attorney's fee, which shall be fixed by the court, any stipulation in the mortgage or any agreement between the parties to the contrary notwithstanding." In the case of *Bohan* v. *Harris,* 71 Mont. 495, 230 Pac. 586, 588, this court held that "the mandate of this statute is unequivocal and plain. It requires the court to fix and allow a reasonable attorney's fee as a part of the costs of the action."

It is asserted by appellant, and in effect conceded by the respondents, that the provisions for attorney's fees as set out in this section are reciprocal in their nature and applicable both to plaintiff and defendant. With this interpretation we agree. (See *Mills* v. *Olsen,* 43 Mont. 129, 115 Pac. 33; *Dewell* v. *North-*

*ern Pacific Ry. Co.,* 54 Mont. 350, 170 Pac. 753.) To avoid the effect of the section, respondents cite and rely upon another statute, section 9797, Revised Codes 1921, which provides that "in all cases where a demurrer or motion is sustained or overruled, the losing party must pay to the other ten dollars as costs. If a demurrer or motion be withdrawn before the hearing, it shall be deemed overruled." Respondents argue that their motion for dismissal amounted to a confession of the demurrer, and that appellant was therefore foreclosed from obtaining any costs other than as provided in section 9797, supra, citing *Colusa Parrot M. & S. Co.* v. *Barnard,* 28 Mont. 11, 72 Pac. 45. The fallacy of this reasoning is obvious. The demurrer was never passed upon, nor was it ever withdrawn. The provision has no application to the circumstances shown to exist in this case.

The appellant is entitled to recover its costs, including a reasonable attorney's fee to be fixed by the court. The judgment of the district court is reversed and the cause remanded, with directions to include as a part of the judgment for costs a reasonable attorney's fee, to be fixed by the court as outlined by this court in the case of *Bohan* v. *Harris,* supra.

ASSOCIATE JUSTICES MATTHEWS, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, takes no part in the foregoing decision.