LAWRENCE T. JOHNSON, Plaintiff and Appellant, v. ANDERSON RANCH COMPANY, a Corporation, Defendant and Respondent.

No. 10578

Submitted May 20, 1963. Decided August 9, 1963.

384 P.2d 271

Robert J. Emmons, Great Falls (argued orally), for appellant.

Leo C. Graybill, Truman G. Bradford, Great Falls (argued orally), for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment entered by the district court sitting without a jury, after findings of fact and conclusions of law.

The appellant, plaintiff below, brought an action for declaratory judgment on May 15, 1962, seeking a declaration of his rights as a farm lease tenant. Respondent, defendant below, was the owner of certain farm and ranch properties. Prior to October 1958, respondent leased its Ulm ranch to appellant for a term of two years. The term was contained in a letter from defendant to appellant. It was for cash rental to begin November 1, 1958. At the time appellant took possession, the crop land had been summer-fallowed and planted to winter wheat. Respondent harvested this crop in 1959 and for this reason appellant only paid one-half of the rental for the first year.

During the 1959 season appellant did all the summer-fallowing and harvested and took all the crop in 1960, and paid full rental for the second year. In the summer of 1960 appellant again took all the crop and continued on into the 1961 season. In 1961, appellant again took all the crop and paid full rental as for the previous year. On August 28, 1961, respondent notified appellant in writing that the rental contract would not be renewed on November 1, 1961, for the reason that he was going to sell and dispose of his ranch properties. On September 27, 1961, respondent wrote to appellant that he could stay on the Ulm ranch until November 1, 1962, at the same rental basis unless a new buyer took possession in which event appellant's interest would be protected. The letter specifically states, "You will be paid full value for any summer-fallow done dur-

ing the summer." Appellant signed as accepting this proposition on October 2, 1961. An addendum to the proposal of September 27, signed on October 2, as above, provided:

"If Larry Johnson [appellant] so desires, and if he considers it to his advantage, he may at his own option revert to the cash rental formula as used for the year 1961 except no allowance will be made for drouth, *and it is understood that this concession in no way effects notice of sixty day termination and our intention to sell sometime during the year of 1961.*" Emphasis supplied.

There were actually two ranches involved in the lease agreement, one referred to as the Cascade ranch, and one as to the Ulm ranch. There is no dispute as to the Cascade ranch, but the reference in the addendum above to drouth allowances, and the reference to an option to revert to a cash rental formula, applied only to the Cascade ranch since it was the only ranch which had drouth allowance and the terms under the Ulm ranch were always cash. The underlined portion above, as it applies to the agreement of September 27, providing that the appellant would be paid full value for any summer-fallow done during the summer, seems clearly indicative that no crops would be harvested in 1963, yet on these facts this appeal comes.

The specifications of error going to both findings and conclusions of the trial court are grouped by the appellant into two points. First appellant states that a valid lease was created by the letter of September 27, 1961, and the addendum of October 2, 1961; and, secondly, that such a one-year lease entitled the lessee to summer-fallow, plant and to return after his lease has expired to harvest the "away going" crop.

We will add to the fact situation factors which might aid an understanding of the problem. The tenancy started November 1, 1958, and was in actuality a continuous transaction until November 1, 1962. In the period November 1, 1958, to November 1, 1959, appellant paid one-half of the rental for the reason that respondent took the wheat crop in 1959 after having done

the summer-fallowing and seeding in 1958. For this period appellant received the hay, pasture and feed grains. From November 1, 1959, to November 1, 1960, appellant paid full rent and took all crops. From November 1, 1960, to November 1, 1961, appellant paid full rent and took all crops. From November 1, 1961 to November 1, 1962, appellant paid full rent and took all crops. But, now it is appellant's position that he can take a 1963 crop without paying rent under the theory that it is an "away-going" crop. As a matter of fact, respondent did the summer-fallow in 1962, although appellant insists that he would have done it.

The trial court had concluded that the tenancy in 1962 was at will and sufferance of defendant, and that plaintiff was not entitled to summer-fallow, seed or harvest the 1963 grain crop.

The record is clear that plaintiff knew when he accepted the terms of October 2, 1961, that his term ended November 1, 1962. As a matter of fact he brought this action on May 15, 1962, even before the time for summer-fallow. Treating the matter in the light most favorable to plaintiff, that a lease for one year existed because of the letter of September 27, and the addendum of October 2, the terms are plain, and under such conditions there is no basis for any theory of "away going" crop.

Appellant cites us to Hall v. Hilling, 107 Mont. 432, 86 P.2d 648; Letz v. Lampen, 110 Mont. 477, 104 P.2d 4; State Bank of Darby v. Pew, 59 Mont. 144, 195 P. 852; 15 Am.Jur., § 25, Crops, and 141 A.L.R. 1245, for the proposition of "away-going" crops.

In Hall v. Hilling, supra, the rule is announced that when a lease, expressly or by implication, recognizes the right of a tenant to sow in the last year of his term, the tenant has a right to harvest the away-going crop at the expiration of his lease, where the lease is silent as to who is entitled to the crop. This general proposition does not aid appellant, since as we have previously discussed, under the circumstances here, the very basis for his lease right, whether it was a lease at will or for

one-year period, was to the contrary. The other authorities are either not in point or support our holding here.

Summarizing the circumstances here, the appellant knew when he accepted the terms of the last lease that his term ended November 1, 1962. He knew it would not be extended. The lease did not require him to do any summer-fallowing in 1962, and if he chose to do any that he would be paid.

Under these circumstances, the district court was correct and the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, ADAIR and DOYLE, concur.