NO. 14452

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

CARL B. CHAMBERLAIN and HERTHA A.
CHAMBERLAIN, husband and wife,

Plaintiffs and Appellants,

-vs-

L. E. EVANS et al.,

Defendants and Respondents.

Appeal from: District Court of the Eighth Judicial District,
Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

For Appellants:

Stacey and Nye, Billings, Montana
Jerrold L. Nye argued, Billings, Montana

For Respondents:

Swanberg, Koby, Swanberg and Matteucci, Great Falls,
Montana
Raymond F. Koby, Jr. argued, Great Falls, Montana

Submitted: February 6, 1979

Decided: MAR 5 - 1979

Filed: MAR 5 - 1979

Thomas J. Kearney
_____ Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This action concerns a farm lease filed in the District Court of the Eighth Judicial District, County of Cascade. Motions and briefs were submitted by both parties for summary judgment, and on June 23, 1978, summary judgment was granted to the defendants. Plaintiffs appeal.

In April 1971, plaintiff Chamberlain leased from defendants L.E. and Josephine Evans (Evans) 230 acres of wheat land near Great Falls. The pertinent parts of the lease in this action provided that it ran to November 1, 1971, and unless notice of termination was given by either party, it would be automatically renewed for each succeeding year.

Termination could be made in two ways. In the event Evans sold all or part of the land, the lease would terminate immediately as to the part sold and Chamberlain would become entitled to certain payments. The lease could also be terminated by nonrenewal, if notice of nonrenewal was given by either party at least 60 days prior to the renewal date of the lease.

The lease continued until April 1974 through automatic renewal. On or about April 1, 1974, however, Chamberlain received from Evans a notice of termination of the lease. The notice stated that the reason for termination was due to sale of part of the leased premises making further farming inconvenient. The notice also directed Chamberlain to do no summerfallow or to plant any of the land.

Evans thereafter entered into a contract with Killion-Moore, Inc., to come onto the land in the spring and summer of 1974 to work the leased premises and to plant it to

wheat. The land under lease was not sold. Because of Killion-Moore's operations, however, Chamberlain ceased farming the leased land.

The issue(s) on appeal are disputed by the parties. Because the District Court granted Evans summary judgment, the issue as defined by him is probably more correctly stated:

Whether there was an issue of material fact, the existence of which would preclude summary judgment, and if not, whether the movant should prevail as a matter of law?

Chamberlain more circuituously states the issues as:

1. Whether an admitted interference by Evans with Chamberlain's rights to the exclusive possession and quiet enjoyment of the leasehold during the term of the lease gave rise to factual and legal questions of damages?

2. Whether the notice of termination which stated an untrue reason for termination of the lease in an attempt to deprive Chamberlain of his termination rights was fraud on the plaintiffs?

Both parties moved for summary judgment in the court below. The order of the District Court reads in pertinent part:

> ". . . it appearing to the Court that, as to plaintiffs' motion there remain genuine issues of material fact on questions of liability, but that as to defendants' motion, there is no genuine issue of any material fact and that defendants are entitled to judgment as a matter of law,
>
> "It is, therefore, hereby ORDERED that plaintiffs' motion for partial summary judgment be and it is hereby denied, and that defendants' motion for summary judgment in their favor be and it is hereby granted."

Chamberlain can bring no challenge to that part of the District Court order denying him partial summary judgment.

A large part of his original complaint and brief on appeal is devoted to a discussion of how Evans allegedly fraudulently terminated the lease. By statute, fraud is always a question of fact. Section 13-310, R.C.M. 1947, now section 28-2-404 MCA. Therefore, Chamberlain himself was not entitled to summary judgment.

The District Court did grant Evans' motion for summary judgment, however. On review, this Court must merely determine whether there exists a genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law. Rule 56(c), M.R.Civ.P.

The termination provision of the lease reads:

"2. TERM OF LEASE: This agreement shall be for a term commencing on the date hereof and terminating on November 1, 1971, PROVIDED HOWEVER, that this agreement shall be renewed automatically from year to year for one year terms commencing November 1st of each year and terminating on November 1st of the next year, unless one party give to the other party notice of termination of the same at least sixty (60) days prior to the termination date in any given year, in which event this agreement shall terminate November 1st following the giving of notice of termination."

The notice of termination sent to Chamberlain by Evans stated:

"NOTICE of TERMINATION of FARM LEASE CONTRACT between L. E. Evans and Josephine Evans (Owners) and Carl V. Chamberlain and Hertha A. Chamberlain (Operators).

"Due to the sale of acreage on this farm and selling of acreage in various parts of this farm makes it very inconvenient to farm. Therefore, as of April 1, 1974, the Operators are to do no spring planting or summerfallowing except for reseeding in spots on winter wheat.

"The Operators will harvest the winter wheat crop now in, as specified in the Contract."

It is clear from the termination provision that neither party was required to state any reason for the termination as long as notice of the termination was given sixty days

-4-

prior to the November 1 termination date in any year. Evans gave (and Chamberlain received) this notice on or about April 1, a full seven months before the specified termination date. This notice complied fully with the letter and spirit of the lease. Chamberlain apparently recognized this fact and did not attempt to talk to Evans about the matter after April 1. In such circumstances, any claim by Chamberlain that Evans fraudulently stated the reasons for terminating the lease are groundless for the simple reason that Evans was not required to state any reason at all for terminating the lease. See Shanahan v. Universal Tavern Corp. (1978), ___ Mont. ___, 585 P.2d 1314, 1317, 35 St.Rep. 1585, 1589. Evans followed the terms of the lease in terminating it and is now entitled to summary judgment as a matter of law.

Chamberlain's claim in his original complaint that he is entitled to a share of the 1975 crop is also groundless. Sections 67-702, -703, R.C.M. 1947, now section 70-26-206, MCA. He neither planted, cultivated, nor harvested these crops. In any event, we have stated under very similar circumstances:

> "The record is clear that plaintiff knew when he accepted the terms of October 2, 1961, that his term ended November 1, 1962. As a matter of fact he brought this action on May 15, 1962, even before the time for summer-fallow. Treating the matter in the light most favorable to plaintiff, that a lease for one year existed because of the letter of September 27, and the addendum of October 2, the terms are plain, and under such conditions there is no basis for any theory of 'away going' crop.
>
> ". . .
>
> "In Hall v. Hilling, supra, the rule is announced that when a lease, expressly or by implication, recognizes the right of a tenant to sow in the last year of his term, the tenant has a right to harvest the away-going crop at the expiration of his lease, where the lease is silent as to who is

entitled to the crop. This general proposition does not aid appellant, since as we have previously discussed, under the circumstances here, the very basis for his lease right, whether it was a lease at will or for one-year period, was to the contrary. The other authorities are either not in point or support our holding here.

"Summarizing the circumstances here, the appellant knew when he accepted the terms of the last lease that his term ended November 1, 1962. He knew it would not be extended. The lease did not require him to do any summer-fallowing in 1962, and if he chose to do any that he would be paid.

"Under these circumstances, the district court was correct . . ." Johnson v. Anderson Ranch Co. (1963), 142 Mont. 251, 254-55, 384 P.2d 271, 272-73. (Emphasis added.)

In fact, to accept Chamberlain's theory of the case would be to require in effect a one year and sixty day notice of termination period because the tenant would always be entitled to the crops harvested the year following his receipt of notice of termination. This clearly contravenes the lease provisions.

Finally, for the first time on appeal, Chamberlain asserts that his claim all along has been for breach of his right to quiet enjoyment of the leased premises. The record does not support this assertion. In the main paragraph and prayer of his complaint, Chamberlain stated:

"2. That, on or about March 27, 1974, Defendants gave notice of termination of lease alleging sale and use as an industrial park, made it inconvenient to farm. That Plaintiffs relied upon Defendants representations and ceased to farm, although under said lease, they were entitled to summerfallow and farm the agricultural ground for 1975. That the representations of Defendants were false and fraudulent and made for the purpose of deceiving Plaintiffs, with the intent that Plaintiffs rely thereon to their detriment. Plaintiffs relied thereon and suffered detriment in the loss of their 1975 crop share. That the reasonable value of Plaintiffs' share of the 1975 crop is the sum of TWENTY SEVEN THOUSAND SIX HUNDRED AND NO/100 DOLLARS ($27,600.00).

"WHEREFORE, Plaintiffs pray judgment as follows:

"1. For TWENTY SEVEN THOUSAND SIX HUNDRED AND NO/100 DOLLARS ($27,600.00)."

-6-

That this states theories of recovery based on fraud or on entitlement to an "away-going" crop share is supportable; that it states a theory of breach of quiet enjoyment is not.

It has long been the rule that a party may not change his theory on appeal to this Court from that advanced in the trial court:

> "Under the well-known rule counsel ought not now to present a different theory from that upon which he tried the case in the court below. 'The rule is settled in this jurisdiction that when a party has adopted one theory upon the trial of his case he may not change the theory on appeal. (Gay v. Lavina State Bank, 61 Mont. 449, 18 A.L.R. 1204, 202 Pac. 753.)' (O'Hanlon v. Ruby Gulch M. Co., 64 Mont. 318, 209 Pac. 1062; Patterson v. Law, 78 Mont. 221, 254 Pac. 412.)" United States Building & Loan Ass'n v. Burns (1931), 90 Mont. 402, 420, 4 P.2d 703, 707.

Accord, Williard v. Campbell (1932), 91 Mont. 493, 503, 11 P.2d 782, 786.

Even if we assume that Chamberlain's claim all along has been for breach of quiet enjoyment, he would still have no claim for relief as there was no breach. Chamberlain would be entitled to a share of the 1974 crop harvested before the end of the lease. As indicated by the termination notice and the record, this is exactly what he did receive. Nothing Evans or Killion-Moore did in 1974 interfered with Chamberlain's right to harvest this crop. Chamberlain's flat assertion that he is entitled to some broader degree of possession of this farm land when he would not be entitled to any of the fruits of the land harvested after the termination of the lease is insufficient grounds on which to deny Evans' motion for summary judgment.

The judgment of the District Court is affirmed.

_____
Justice

-7-

We concur:

_____
Chief Justice

_____

_____

_____
Justices