CHIEF JUSTICE GRAY,
concurring in part and dissenting in part.
¶64 I join in the Court’s opinion on all issues except Issue 1.1 dissent from the opinion, analysis and result on the portion of Issue 1 which relates to whether the District Court violated § 40-4-208, MCA, when it ordered a deferred payment plan for past due child support. The bases for my dissent in this case are along the same lines as those set forth generally in my recent concurring and dissenting opinion in In *475 re Marriage of Mease, 2004 MT 59, ¶¶ 67-74, 320 Mont. 229,¶¶ 67-74, 92 P.3d 1148, ¶¶ 67-74 (Gray, C.J., concurring and dissenting). My concerns there centered on the Court’s sua sponte insertion of a rationale not advanced in the trial court or on appeal by the party in whose favor the Court acted, and how often and on what basis the Court intended to do so. I will not repeat my concerns here at length since they are readily available in another marital case opinion less than two weeks old. See Mease, ¶¶ 67-74 (Gray, C. J., concurring and dissenting).
¶65 It is true that here, the Court “merely” permits Mike to raise and prevail on the estoppel theory for the first time on appeal whereas, in Mease, the Court sua sponte inserted a statute argued by neither party in the district court,or on appeal. But while the Court’s act here is not precisely the same, its willingness to decide a case on the basis of a theory never presented to the District Court is no less troubling. This is particularly true when one of our most basic operating principles is that we do not consider new issues or changes in theory on appeal. See Dayberry v. City of East Helena, 2003 MT 321, ¶ 24, 318 Mont. 301, ¶ 24, 80 P.3d 1218, ¶ 24; In re Marriage of Oehlke, 2002 MT 79, ¶ 30, 309 Mont. 254, ¶ 30, 46 P.3d 49, ¶ 30; Renner v. Nemitz, 2001 MT 202, ¶ 15, 306 Mont. 292, ¶ 15, 33 P.3d 255, ¶ 15; Pearson v. Virginia City Ranches Ass’n, 2000 MT 12, ¶ 57, 298 Mont. 52, ¶ 57, 993 P.2d 688, ¶ 57; Unified Industries, Inc. v. Easley, 1998 MT 145, ¶ 15, 289 Mont. 255, ¶ 15, 961 P.2d 100, ¶ 15; Clover Leaf Dairy v. State (1997), 285 Mont. 380, 387, 948 P.2d 1164, 1168; Sherrodd, Inc. v. Morrison-Knudsen Co. (1991), 249 Mont. 282, 285, 815 P.2d 1135, 1137; Weaver v. Law Firm of Graybill, Ostrem, Warner & Crotty (1990), 246 Mont. 175, 180, 803 P.2d 1089, 1092-93; Chamberlain v. Evans (1979), 180 Mont. 511, 517, 591 P.2d 237, 240; Bower v. Tebbs (1957), 132 Mont. 146, 160, 314 P.2d 731, 739.
¶66 The Court begins its discussion of the estoppel theory regarding child support payments at ¶ 27. Its general statements of the principles underlying that theory are correct. Its decision, in ¶ 28, to assess the District Court’s actions “in light of these rales” is not.
¶67 The Court, Mike and I all agree that the District Court did not expressly apply estoppel. The reason, of course, is that Mike did not present it. Our case law on estoppel in these situations is clear. Indeed, we stated without equivocation in In re Marriage of Cook (1986), 223 Mont. 293, 300, 725 P.2d 562, 566, that “[o]nly in cases where equitable estoppel is found by the trial court upon clear and compelling evidence may [equitable estoppel] override the provisions of § 40-4-208, MCA.” *476 (Emphasis added.) The trial court did not make an estoppel finding in this case, much less a finding based on clear and compelling evidence. Thus, the Court’s statement in ¶ 29 that the long established estoppel exception to § 40-4-208, MCA, applies here is simply incorrect, in addition to the fact that the doctrine is being raised for the first time on appeal. Neither Hooper nor Shorten-relied on by the Court for the principles of estoppel-supports action by this Court in applying equitable estoppel for the first time on appeal.
¶68 The Court also does not take into account the fact that estoppel is an affirmative defense which must be pled pursuant to Rule 8(c), M.R.Civ.P. Mike did not plead it in his answer or even raise it in his posttrial proposed findings of fact, conclusions of law and order. The Court, however, content with its view that evidence of record would have supported the estoppel theory, merrily applies estoppel to Mike’s advantage and Terri’s clear disadvantage. I cannot agree.
¶69 Perhaps our long-standing and oft-repeated principle that we do not permit a party to raise new issues or change its theories on appeal is verging on extinction, along with our usual willingness to restrain ourselves from injecting new matters not presented by either party. See Mease, ¶¶ 67-74 (Gray, C.J., concurring and dissenting). Such matters concern me greatly.
¶70 We have often been subjected to criticism by lawyers who should know better that our decisions in marital dissolution actions are "all over the map” and totally lacking in consistency. I have, over the years, attempted to explain to such lawyers that the reasons our opinions in this area appear to be in disarray are that (1) the cases are extraordinarily fact specific and, with regard to a trial court’s findings, it takes very little to sustain them; and (2) trial courts have inordinately broad discretion in many aspects of dissolution cases and abuses of that discretion seldom are established. In other words, based on very specific facts-supported by the record-the court exercises its broad discretion. Affirming a trial court’s exercise of discretion based on very specific facts in one case does not require a reversal of a different trial court’s exercise of its broad discretion in a different-but somewhat similar-case.
¶71 By the Court’s actions here and in Mease, however, our marital cases do seem to be heading toward total disarray. How will parties ever know whether their case will be subjected to the usual rules or be changed significantly on appeal by this Court? Why would trial judges have any interest in continuing to do their work carefully and with dedication, knowing that this Court will remake the cases however it *477 sees fit? How can we possibly meet our obligation to provide guidance for future cases to lawyers and trial courts when we act so irresponsibly?
¶72 It is my view that, absent the Court’s consideration of the estoppel theory raised by Mike for the first time on appeal, Terri would prevail in the child support portion of Issue 1. In Mease, Robert would have prevailed on Issue 4 had the Court confined itself to the issues presented by the parties. Clearly, the Court has no bias in favor of or against wives or husbands. But equally clearly, the Court seems to have little concern for the due process rights of the party it chooses not to “assist” in prevailing on appeal.
¶73 I dissent.