JOHN A. THOMPSON, Plaintiff, *v.* ORIN CURE, Defendant and Appellant, and THEO. W. SCHUGERL, Intervenor and Respondent.

No. 9712.
Submitted Jan. 29, 1958. Decided March 3, 1958.
322 Pac. (2d) 323.

Hoffman & Cure, Great Falls. H. B. Hoffman, Great Falls, argued orally, for appellant.

Keller & Magnuson, Helena. Paul T. Keller, Helena, argued orally, for respondent.

THE HONORABLE W. M. BLACK (sitting in place of MR. JUSTICE BOTTOMLY):

This is an appeal by the defendant, Orin Cure, from a judgment made and entered in the district court of Lewis and Clark County on December 13, 1955, in favor of the intervenor, Theo. W. Schugerl, in the sum of $50; it is also a cross-appeal by the intervenor, Theo. W. Schugerl, from the judgment entered therein in said court on December 13, 1955, wherein the lien

of the intervenor was declared invalid, and from the whole of said judgment, and from an order of said district court dated May 8, 1956, wherein intervenor was denied his costs of suit in said action.

On March 18, 1953, John A. Thompson filed suit to foreclose a mechanic's lien in Lewis and Clark County against Orin Cure, and on December 13, 1955, judgment on the verdict of the jury in favor of plaintiff was entered, which judgment has been compromised, settled and discharged.

Intervenor, Theo. W. Schugerl, filed his complaint in intervention in the same action to foreclose a mechanic's lien against Orin R. Cure for alleged work and labor on the same cabin, November 9, 1954, setting up a lien and claiming judgment for $791.09, interest and costs, and $250 attorney's fees for determination of his lien and foreclosure thereof.

Cure's amended answer to the complaint challenged most items claimed as part of the lien, alleged payment to intervenor of $251.98 in full payment and discharge of the indebtedness claimed in intervenor's complaint, and raised the issue not only as to whether intervenor had any lien but also of any indebtedness. Cure demanded judgment for reasonable attorney's fees and other costs.

The jury was impaneled, trial was had, and all parties rested.

Whereupon defendant Cure moved that the question, whether there was a foreclosable lien in behalf of the intervenor Schugerl, be withdrawn from the jury upon the ground that there was no evidence in the case upon which the intervenor could have judgment for the foreclosure of a lien.

The court ruled that the motion, as it affects the validity of the lien of Schugerl, is sustained, remarking, "I think from the evidence in this case, as a matter of law, there is no lien to be foreclosed on the part of Schugerl. There is a minuscule amount of testimony that he did a little work up there on October 5, 1953, moving a meter base from the service pole to the cabin. The evidence shows that the contract was abandoned that sum-

mer some time in July, as I recall; whether he abandoned his contract or was precluded from enforcing it, in any event, from the uncontradicted evidence in this case, it cannot be deemed as being construed as anything that would enliven his right to file a lien December 21, 1953. The Court does not deem the Schugerl lien is enforceable; it was filed too late.'' But the court submitted the question of any indebtedness from Cure to Schugerl to the jury, and on this issue the jury awarded Schugerl $50.

The lower court entered judgment that said intervenor have and recover from defendant Cure the sum of $50 with interest thereon at the rate of 6 percent per annum until paid, and an attorney's fee in the sum of ''None'' dollars together with intervenor's costs and disbursements incurred in this action amounting to the sum of $10.50, said judgment being dated December 13, 1955.

It appears from the record that there was some disagreement between counsel for the parties here involved as to the inclusion in said judgment of the said costs as last abovementioned. On May 1, 1956, counsel for both litigants entered into a stipulation that the matter of taxing the costs be submitted to the court for decision on May 8, 1956, without presence of counsel in court and without argument, reserving to counsel for the intervenor the privilege of submitting written arguments if they so desired. From the record it appears that no written argument was submitted by either counsel. On May 8, 1956, the court made and entered its order denying any costs in said proceeding to the intervenor.

It appears further from the transcript on appeal that the intervenor filed his alleged lien in the office of the Lewis and Clark County Clerk & Recorder on December 21, 1953, and within the period of ninety days of the date on which the last item of materials, house logs, labor and services were furnished for the construction of said cabin. Said lien alleged that the sum of $791.09 together with interest and his costs incurred

was due to said Theo. W. Schugerl from defendant, Orin Cure, the alleged owner of said building, and complaint in intervention to foreclose said lien was filed.

The transcript on appeal in this case is very brief and contains no bill of exceptions nor testimony heard in the trial of the case. However, since this action was tried before the lower court with a jury in attendance, and the lower court heard the testimony of all of the witnesses of both parties to this litigation in open court during the trial, it is recognized that the lower court had ample opportunity to weigh the testimony of the witnesses, and having had the entire matter under consideration during the trial was in a position to make and enter judgment in a competent manner insofar as the amount of $791.09 alleged to be due to the intervenor is concerned.

It appears that the judgment of the lower court should be sustained as to the following:

1. That the intervenor, Theo. W. Schugerl, had no lien to foreclose.

2. That the defendant, Orin Cure, should pay to the intervenor, Theo. W. Schugerl, the amount of $50 with interest at the rate of 6 percent per annum until paid for certain services by him to said defendant Cure not included in the alleged lien.

We find no merit in the cross-appeal of the intervenor. The lower court decided that intervenor, Theo. W. Schugerl, had no lien upon the premises mentioned and described in said complaint in intervention and that the intervenor failed to establish and prove the allegations made in his lien as to the amount of money he alleged to be due to him. Luebben v. Metlen, 110 Mont. 350, 354, 100 Pac. (2d) 935. In these circumstances defendant and appellant, Orin Cure, is entitled to his attorney's fees under the provisions of section 93-8614, R.C.M. 1947, which provides that "reasonable attorney's fees must be allowed to the defendant against whose property a lien is claimed, if such lien is not established."

The cause is remanded to the district court with instructions to amend the judgment by allowing the defendant, Orin Cure, a reasonable attorney's fee in accordance with section 93-8614, supra; each party to pay their own costs incurred on this appeal.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES CASTLES, ANGSTMAN and ADAIR, concur.