No. 05-714

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 153

IN THE MATTER OF

T.W. and J.M.,

    Youths In Need Of Care.

APPEAL FROM:    The District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DN-04-01,
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Robert J. Quinn, Attorney at Law, Bozeman, Montana

    For Respondent:

        Honorable Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General; Helena, Montana

        Marty Lambert, County Attorney, Bozeman, Montana

        Todd Hillier, Attorney at Law, Bozeman, Montana (Guardian Ad Litem)

Submitted on Briefs:  May 17, 2006

Decided:  July 11, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     R.M., the father of J.M., appeals the District Court's order terminating his parental rights.  The dispositive issue on appeal is whether the District Court properly admitted hearsay testimony from Officer Darcy Dahl that created the evidentiary support for designating J.M. a youth in need of care.  We affirm.

## BACKGROUND

¶2     This case involves the welfare of four-year-old J.M., born March 13, 2002, to R.M. and L.W., his father and mother, respectively.  In July 2003 the Department of Health and Human Services (DPHHS) took protective custody of J.M. and his half-brother, T.W., after police interrupted a domestic disturbance involving L.W., her boyfriend and her parents.  At the time of the incident, the boys were running around without shoes in a yard full of broken toys, trash, lawn tools, coolers and other items.

¶3     After initial proceedings in the Third Judicial District Court, the case was transferred to the Eighteenth Judicial District Court, Gallatin County, upon request by the Powell County Attorney.  The court held a dispositional hearing and although L.W. and R.M. chose not to attend, the court approved treatment plans for both parents.  Because R.M. resided in jail at the time, a social worker visited R.M. to discuss how he could successfully complete the plan while incarcerated.  R.M. did not sign the treatment plan and apparently disagreed with its implementation.

¶4     The court held a review hearing in July 2004, with neither of J.M.'s parents in attendance.  At this point, R.M. was still in jail and L.W. had moved to Washington State.  Through counsel, R.M. asked the court to conduct another adjudication proceeding

regarding J.M. because the State had not properly served R.M. when the matter was in Powell County. The court agreed and an adjudication hearing followed, with the court hearing testimony from R.M., the community social worker on J.M.'s case, and police officer Darcy Dahle.

¶5 Officer Dahle testified to a domestic disturbance between R.M. and L.W., which she responded to on the night of January 11, 2004. On hearsay grounds, R.M. objected to the admission of Officer Dahle's testimony regarding statements made by L.W. that evening. The court ruled that because L.W. was upset and distraught, the comments to Officer Dahle were admissible under Rule 803(2), M.R.Evid., the excited utterance exception to the hearsay rule. Officer Dahle testified that L.W. said R.M. became angry after she told him that she was tired of his drinking and was going to leave him; R.M. threatened L.W. that she would never see her son again. L.W. said that she ran into the bathroom with her son to get away from R.M., but that R.M. forced his way in, resulting in a tug-of-war over the child. L.W. finally let go because she feared that her child's arms would be broken. R.M. then left with the child and returned twenty minutes later by himself, at which point he caused L.W. to take a tumble to the ground, prompting her to again run into the bathroom and call someone, who in turn called dispatch.[1]

---

[1]Officer Dahle also testified that she responded to a separate domestic dispute involving L.W. and R.M. on June 10, 2003. During that incident, according to Officer Dahle, L.W. was extremely upset and explained that she and R.M. had been arguing, culminating in R.M. smacking her child into a wall. R.M. did not object to this testimony.

3

¶6 The court adjudicated J.M. a youth in need of care and amended the treatment plan, which R.M. again declined to sign. DPHHS subsequently filed a petition to terminate R.M.'s parental rights, alleging that R.M. had not complied with the treatment plan, and due to continued incarceration, was unable to parent. R.M. waived his personal appearance at the hearing. On October 25, 2005, the District Court ordered termination of R.M.'s parental rights.

¶7 R.M. appeals, insisting that he never agreed to comply with the treatment plan because the court incorrectly adjudicated J.M. a youth in need of care by relying on impermissible hearsay testimony from Officer Dahle during the adjudication hearing.

## STANDARD OF REVIEW

¶8 When reviewing a district court's evidentiary ruling, our standard of review is whether the court abused its discretion. The district court has broad discretion in determining the admissibility of evidence. *Howard v. St. James Community Hospital*, 2006 MT 23, ¶ 17, 331 Mont. 60, ¶ 17, 129 P.3d 126, ¶ 17. Notwithstanding this deferential standard, however, judicial discretion must be guided by the rules and principles of law; thus, our standard of review is plenary to the extent that a discretionary ruling is based on a conclusion of law. In such circumstances, we must determine whether the court correctly interpreted the law. *State v. Price*, 2006 MT 79, ¶ 17, 331 Mont. 502, ¶ 17, 134 P.3d 45, ¶ 17.

4

**DISCUSSION**

**¶9    Did the District Court properly admit hearsay testimony from Officer Darcy Dahle that provided the evidentiary support for designating J.M. a youth in need of care?**

¶10    R.M. argues that in adjudicating J.M. a youth in need of care, the District Court incorrectly admitted Officer Dahle's testimony regarding statements L.W. made on the night of January 11, 2004. R.M. contends that because L.W. was not present at the adjudication hearing, the statements amount to hearsay under Rule 801(c), M.R.Evid., and therefore should not have been admitted.[2] In making this argument, R.M. argues that he had a Sixth Amendment right to confront L.W. under *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177, *Bonamarte v. Bonamarte* (1994), 263 Mont. 170, 174, 866 P.2d 1132, 1134, and Rule 611(e), M.R.Evid.

¶11    At the outset, we note that R.M. did not specifically object to Officer Dahle's testimony on Sixth Amendment confrontation grounds. Even if he had made such an objection, we disagree with R.M.'s contention that *Crawford* applies to civil cases.

¶12    In *Crawford*, the United States Supreme Court held that the Sixth Amendment confrontation right precludes testimonial hearsay in criminal cases unless the declarant is unavailable and the defendant had the opportunity to confront and cross-examine the declarant.

---

[2]Rule 801(c), M.R.Evid., provides that "[h]earsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 802, M.R.Evid., further provides that "[h]earsay is not admissible except as otherwise provided by statute, these rules, or other rules applicable in the courts of this state."

¶13 R.M. essentially argues that *Crawford*'s holding applies to civil cases in Montana because of our earlier decision in *Bonamarte*, 263 Mont. at 175, 866 P.2d at 1135, in which we held that "the principles behind the right to confront witnesses are applicable to civil cases in Montana, as well [as to criminal cases], and that right is guaranteed in Rule 611(e), M.R.Evid.,"[3] which provides:

> Confrontation. *Except as otherwise provided by constitution, statute, these rules, or other rules* applicable to the courts of this state, at the trial of an action, a witness can be heard only in the presence and subject to the examination of all the parties to the action, if they choose to attend and examine. [Emphasis added.]

R.M. maintains that since *Bonamarte* applies the principles behind the confrontation right to civil cases, the *Crawford* holding necessarily applies to civil cases, as well. We disagree.

¶14 As *Bonamarte* recognizes, Rule 611(e), M.R.Evid., states that the confrontation right is subject to exceptions "provided by constitution, statute, these rules, or other rules applicable." In other words, if an exception within the rules of evidence applies to a hearsay statement, pursuant to Rule 611(e), M.R.Evid., Montana courts permit the testimony in a civil case. The same is not true, however, in a criminal action. The right to confrontation in the criminal realm does not depend upon the rules of evidence, since not all hearsay implicates the Sixth Amendment's core concerns. *Crawford*, 541 U.S. at

---

[3]*Bonamarte* involved a dissolution action where the trial court permitted the wife to testify by telephone because she feared her husband. We held that the court abused its discretion in allowing the wife to provide telephonic testimony because it did not afford her husband a meaningful opportunity to confront or cross-examine the witness; it also did not allow the trial court to observe the witness in making its determination of her credibility.

6

51, 124 S.Ct. at 1364, 158 L.Ed.2d at 192. As the Supreme Court observed, "[l]eaving the regulation of out-of-court statements to the law of evidence would render the Confrontation Clause powerless to prevent even the most flagrant inquisitorial practices." *Crawford*, 541 U.S. at 51, 124 S.Ct. at 1364, 158 L.Ed.2d at 192. Thus, in a criminal action, the right to confrontation may preclude a hearsay statement that the rules of evidence would otherwise permit.

¶15 R.M. does not dispute that a hearing to adjudicate a child as a youth in need of care is a civil action. R.M.'s right to confront a witness is therefore subject to Rule 611(e), M.R.Evid., and thus any applicable exception to the hearsay rule. In this case, the "excited utterance" exception under Rule 803(2), M.R.Evid.,[4] applies to Officer Dahle's testimony of L.W.'s statements from June 11, 2004, because L.W. made them immediately after fighting with R.M. and while still visibly upset. We conclude that the District Court did not abuse its discretion in allowing Officer Dahle's testimony.

¶16 Affirmed.

/S/ W. WILLIAM LEAPHART

---

[4]Rule 803(2), M.R.Evid., provides that "even though the declarant is available as a witness . . . [a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is not excluded by the hearsay rule.

We concur:

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ JIM RICE


Justice James C. Nelson concurs.

¶17    I concur in the result of the Court's Opinion, but not in all that is said.

¶18    As noted at ¶ 11 of the Opinion, R.M.'s objection to Dahle's testimony was simply that it "[c]all[ed] for hearsay."  The State's attorney responded that the basis for the admissibility of the testimony was Rule 803(2), M.R.Evid., the excited utterance exception.  R.M. did not respond; he failed to set forth the specific basis for his general hearsay objection.  *State v. Ferguson,* 2005 MT 343, ¶ 63, 330 Mont. 103, ¶ 63, 126 P.3d 463, ¶ 63 ("[s]pecific objections must be made to portions of testimony deemed inappropriate; broad general objections do not suffice.") (citations omitted).

¶19    Instead, on appeal, for the first time, R.M. recasts his arguments as ones involving confrontation, citing *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1254, 158 L.Ed.2d 177; *Bonamarte v. Bonamarte* (1994), 263 Mont. 170, 866 P.2d 1132; Rule 611(e), M.R.Evid.; and *State v. Mizenko*, 2006 MT 11, 330 Mont. 299, 127 P.3d 458.  Moreover, R.M. made no argument in the trial court that Dahl's statements might not even qualify as excited utterances.

¶20    The excited utterance exception is one of the recognized exceptions to the hearsay rule.  Rule 803(2), M.R.Evid.  R.M. failed to articulate his objection to the trial court in a

fashion that would have preserved any of his present appeal arguments against Dahl's testimony which was offered on the basis of the exception to the hearsay rule.

¶21 Given the posture in which this case reaches us on appeal from the proceedings below, I would arrive at the same result as the Court, but on the basis of the well-established rule that this Court will not address an issue raised for the first time on appeal, or a party's change in legal theory. *State v. Buck*, 2006 MT 81, ¶ 109, 331 Mont. 517, ¶ 109, 134 P.3d 53, ¶ 109 (citations omitted). I would not go any further than that, because of the importance of the arguments being raised here for the first time and because of the fundamental nature of the right to parent which is at issue. *In re C.R.O.,* 2002 MT 50, ¶ 10, 309 Mont. 48, ¶ 10, 43 P.3d 913, ¶ 10.

¶22 I concur in the result.

/S/ JAMES C. NELSON