

DA 06-0725

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 339N

IN RE THE MARRIAGE OF
RHONDA ELAINE BAKER DAMSCHEN,

     Joint Petitioner and Appellant,

  and

DONALD DAVID DAMSCHEN,

     Joint Petitioner and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DR 2000-544
Honorable Ed P. McLean, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Richard A. Volinkaty, Attorney at Law, Missoula, Montana

     For Appellee:

          Jo Antonioli, Antonioli & Wade, P.C., Missoula, Montana

Submitted on Briefs:  September 19, 2007

Decided:  December 17, 2007

Filed:

_____
               Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Rhonda and Donald Damschen were married in 1989 and divorced in 2000. Shortly after dissolution, disputes pertaining to the children began arising resulting in numerous hearings to address vacation plans, holiday visitation schedules and home-schooling.  In October 2005 Donald moved for an order prohibiting Rhonda from interfering with the children's public schooling.  In March 2006 the District Court granted the motion.  In April 2006 Donald moved for a warrant of contempt against Rhonda for violating the March order.  The court granted this motion as well.  Rhonda appeals these orders.  We affirm.

## ISSUES

¶3     Rhonda presents several issues on appeal.  She asserts that the District Court either erred or abused its discretion by: (1) admitting hearsay evidence; (2) limiting each party to ninety minutes during the hearing; (3) granting a "custodial interest" in the children to Donald's wife; (4) ordering the children's school to arrest her, under specific circumstances, for trespassing; and (5) awarding attorney's fees and costs to Donald.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4    Rhonda and Donald Damschen were married in Missoula, Montana, in 1989. Three sons were born to the couple between 1994 and 1998. Rhonda and Donald filed a Joint Petition for Dissolution of Marriage in August 2000. The parties entered into a Marital Dissolution Settlement Agreement and Parenting Plan (the Agreement) which distributed the marital property, apportioned the marital debts and set forth the shared child custody terms and conditions. The Fourth Judicial District Court granted the Petition in October 2000 and ordered compliance with the Agreement.

¶5    Very shortly thereafter the parties began having serious disagreements about the custody and schooling arrangements. The oldest child had been home-schooled prior to the divorce and Rhonda wished to continue this arrangement as well as to home-school the two other children. The parents continued home-schooling at their respective homes through December 2004 at which time Donald moved for an order terminating home-schooling and requiring the boys to attend public school. The District Court granted the motion in January 2005 and the boys were enrolled in a local elementary school.

¶6    In October 2005 Donald filed a motion for an order prohibiting Rhonda from interfering with the boys' public school curriculum. Among other things, he alleged that Rhonda encouraged the children to disregard school rules and promised them a reward if they succeeded in getting themselves expelled so she could continue home-schooling them. The court conducted a three and one-half hour hearing in early March 2006, at the beginning of which the District Court informed the parties that each attorney had ninety minutes to present his or her client's case. Neither party objected to this time constraint. During the hearing, Rhonda's attorney made over twenty objections, primarily pertaining

3

to the admissibility of evidence. After several of these objections, the District Court warned him that it was keeping track of the time spent on objections and would reduce Rhonda's allocated ninety minutes accordingly.

¶7 At the conclusion of the hearing the District Court issued its ruling from the bench. A written Opinion and Order was issued on March 7, 2006. In this order, the District Court found that Rhonda had interfered with the children's public schooling. Among other things, the court's order restricted Rhonda's presence on school property during Donald's parenting time to certain prescribed activities, and instructed the school to have her arrested and prosecuted if she violated this restriction. The order also stated that Donald's wife, Susan, "shall be entitled to custody of the three children in Donald's absence, during his custodial time." The District Court awarded attorney's fees and costs for preparing for and attending the hearing to Donald. After this ruling Rhonda's attorney lodged an objection that the court's time limitation hindered his ability to present Rhonda's case.

¶8 Subsequently, Rhonda moved for a new trial based on denial of her right to a fair trial because of the time constraints imposed by the court. Rhonda also objected to the court's award of attorney's fees to Donald. Before the District Court could rule on Rhonda's motion, Donald filed a motion for a warrant of contempt alleging that Rhonda continued to interfere with the boys' public schooling in violation of the March 2006 order. In May 2006 the court denied Rhonda's motion for a new trial and reiterated its award of fees and costs to Donald. It also filed a warrant of contempt against Rhonda. On June 8, 2006, Rhonda appealed the District Court's March and May orders. We

4

dismissed her appeal without prejudice on the ground that none of the orders she sought to appeal were final or appealable under M. R. App. P. 1.

¶9     In July 2006 the District Court issued an order denying Donald's request that he be the children's primary custodial parent during future school years with Rhonda having every other weekend visitation rights. In this order, however, the court clarified that its March 7, 2006 order did not establish parental rights for Susan Damschen but merely gave Susan the right to pick up the children on behalf of her husband. The court observed that its May 9, 2006 order placing the children with Donald for the remainder of the 2005-2006 school year had expired but the court expressly prohibited Rhonda from preparing future meals for the children when they were in Donald's custody. The court also limited the circumstances under which she could be on the school grounds in the future but removed any reference to its earlier instruction that the school have her arrested and prosecuted.

¶10    The District Court filed an order on September 5, 2006, awarding Donald approximately $11,100 in attorney's fees and costs. On October 16, 2006, Rhonda filed a Notice of Appeal of the District Court's March 7, May 9, and September 5, 2006 orders.

## STANDARD OF REVIEW

¶11    The decision to place a time limit on a hearing is a matter of trial administration which is within the district court's discretion. *Eatinger v. Johnson*, 269 Mont. 99, 106, 887 P.2d 231, 235. We apply the same standard of review to the court's evidentiary rulings. The district court has broad discretion in determining the admissibility of evidence. Notwithstanding this deference, however, judicial discretion must be guided

5

by the rules and principles of law; thus, our standard of review is plenary to the extent that a discretionary ruling is based on a conclusion of law. In such circumstances, we must determine whether the court correctly interpreted the law. *In re T.W.*, 2006 MT 153, ¶ 8, 332 Mont. 454, ¶ 8, 139 P.3d 810, ¶ 8 (citations omitted). Lastly, whether a party is entitled to recover attorney's fees is a question of law we review for correctness while the actual award of attorney's fees is a discretionary ruling that we review for abuse. *Valeo v. Tabish*, 1999 MT 146, ¶ 15, 295 Mont. 34, ¶ 15, 983 P.2d 334, ¶ 15 and *Denton v. First Interstate Bank of Commerce*, 2006 MT 193, ¶ 19, 333 Mont. 169, ¶ 19, 142 P.3d 797, ¶ 19.

## DISCUSSION

¶12 Rhonda argues on appeal that the District Court abused its discretion by limiting the duration of a hearing intended to resolve a single issue—did Rhonda interfere with the children's public schooling? As indicated above, district courts have broad discretion in trial administration matters and we will not disturb such rulings absent an abuse of this discretion. Moreover, Rule 7 of the Montana Fourth Judicial District Court Rules expressly allows time limits to be imposed by the court. The District Court informed the parties at the start of the hearing that each side had an equal and reasonable amount of time to present their cases. Neither party objected to this limitation. During the hearing, in addition to his multiple objections, Rhonda's attorney conducted voir dire of two of Donald's three witnesses, cross-examined all three of Donald's witnesses and conducted direct examination of Rhonda's expert witness. The court, under the authority of Rule 7, enforced the imposition of the time limit. In light of the fact that this hearing was

6

scheduled to address only one issue, we conclude that the District Court did not abuse its discretion by imposing an equal and reasonable time limit on the proceeding.

¶13　Likewise, the District Court has broad discretion on evidentiary matters. In addition to the challenged evidence which appears to meet the requirements for admissibility under Rule 803(6) of the Montana Rules of Evidence, substantial unchallenged testimony was presented describing various instances in which Rhonda interfered with her children's schooling during Donald's parenting weeks, including instructing the children to not get into Susan's car after school, to not eat the lunches prepared for them by their father and Susan, and to not respect and obey the rules of the school. Therefore, the record supports the court's decision that Rhonda interfered with her sons' public school curriculum.

¶14　Rhonda complains of the court's award in its March 2006 order of a "custody interest" in her children to Susan and the court's instruction to the school to have Rhonda arrested if she violates the March order. The District Court clarified this language in its July 2006 order indicating that it merely granted Susan the right to pick up the children from school when Donald was unavailable, during Donald's custodial time. Additionally, the July 2006 order eliminated the instruction to the school that it have Rhonda arrested and prosecuted for trespass should she violate the March 2006 order. As a result, we need not address these complaints further.

¶15　Lastly, the parenting agreement signed by both parties provided that the successful party in any action commenced to enforce, modify, or interpret provisions of the

7

Agreement was entitled to attorney's fees and costs. The District Court did not abuse its discretion in awarding such fees and costs accordingly.

¶16 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the record before us that the findings of fact are supported by substantial evidence, and the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted; therefore, there was no abuse of discretion by the District Court.

¶17 We affirm the judgment of the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS