DA 07-0167

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 31N

LIBBIE HARDING,

      Plaintiff and Appellee,

  v.

STEPHEN GARCIA and PROFESSIONAL
HEALTH PLANNING, INC.,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DV 04-064
                Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            Derik Pomeroy, Attorney at Law, Bozeman, Montana

      For Appellee:

            Stephen C. Pohl and Paul Grigsby, Attorneys at Law, Bozeman, Montana

Submitted on Briefs:  December 19, 2007

Decided:  February 5, 2008

Filed:

                                  Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellants Steven Garcia (Garcia) and Professional Health Planning, Inc., (PHP) appeal following the jury's determination that Garcia and PHP had wrongfully discharged Appellee Libby Harding (Harding), the jury's award of $20,000 in compensatory damages, and the District Court's award of $40,000 in attorneys fees and costs. We affirm.

¶3 Harding worked for PHP, a corporation owned and managed by Garcia. Garcia hired Harding to serve as a customer service representative. Harding experienced difficulties from the outset of her employment. She missed several weeks of work due to complications arising from an ectopic pregnancy. Harding later missed work due to a relative's illness. Harding then was diagnosed with breast cancer on February 19, 2003. Harding underwent a surgical procedure on March 4, 2003, during which doctors removed a small malignant tumor. She later had a double mastectomy on March 11, 2003.

¶4 Garcia informed Harding that March 31, 2003, would be her last day of work. Harding then filed a wrongful discharge from employment action against Garcia and PHP. Harding alleged that PHP had discharged her without good cause and that PHP had discharged her in retaliation for her refusal to violate public policy. Harding claimed that PHP had violated public policy by first providing her with health insurance coverage and

2

then pressuring her to quit in order to avoid the costs of Harding's reconstructive breast surgery after her mastectomy. Harding alleged that PHP discharged her based on her refusal to quit and thus minimize the costs to PHP of Harding's treatments for breast cancer. Harding also filed a claim for punitive damages based upon PHP's alleged unlawful discrimination.

¶5 PHP moved to strike Harding's claim for punitive damages. The District Court denied the motion as to Harding's assertion that Garcia engaged in actual fraud or malice in Harding's discharge. The District Court granted the motion as to Harding's allegation that she was entitled to punitive damages because Garcia had violated her human rights. The case proceeded to trial and Harding introduced evidence of her past and future medical expenses. The District Court instructed the jury on Harding's claim that she was wrongfully discharged in retaliation for her refusal to violate public policy.

¶6 The jury first determined that PHP had not wrongfully discharged Harding without good cause. The jury determined, however, that PHP had discharged Harding in retaliation for her refusal to violate public policy. The jury awarded $20,000 compensatory damages. The jury awarded no punitive damages. Harding then filed a motion for attorneys fees and costs. The District Court awarded Harding $47,000 in attorneys fees and costs. PHP and Garcia appeal.

¶7 PHP first argues that the District Court erred when it improperly instructed the jury concerning public policy in a wrongful discharge case. Harding contends that PHP waived its right to raise an objection by failing to object to those instructions at the District Court.

3

PHP next argues the District Court improperly allowed evidence of Harding's past and future medical expenses in a wrongful discharge case. Once again, Harding argues that PHP waived its objection by failing to make a timely objection at trial to this evidence or move to strike this evidence in front of the District Court. PHP next argues that the court erred in not striking Harding's claim for punitive damages. Harding notes that this claim is now moot in light of the fact that the jury failed to award punitive damages. Finally, PHP argues that the District Court erred in awarding $47,000 in attorneys fees and costs to Harding. Harding claims that PHP failed to file a timely objection to Harding's timely bill of attorneys fees and costs.

¶8 We review a district court's jury instructions for an abuse of discretion. *Christoffersen v. City of Great Falls*, 2003 MT 189, ¶ 9, 316 Mont. 469, ¶ 9, 74 P.3d 1021, ¶ 9. We similarly review a district court's decision regarding an evidentiary ruling for an abuse of discretion. *In re T.W.*, 2006 MT 153, ¶ 8, 332 Mont. 454, ¶ 8, 139 P.3d 810, ¶ 8. We also review a district court's award of costs for an abuse of discretion. *Ritchie v. Town of Ennis*, 2004 MT 43, ¶ 8, 320 Mont. 94, ¶ 8, 86 P.3d 11, ¶ 8. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003 that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that no abuse of discretion occurred.

¶9 We affirm.

/S/ BRIAN MORRIS

4

We Concur:

/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON