FILED

02/18/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0303

DA 24-0303

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 36

CB1, d/b/a CBB COLLECTIONS,

      Plaintiff and Appellee,

    v.

KATELYN N. HOVE and IRA HOVE,

      Defendants and Appellants,

    v.

HEALTH CARE SERVICE
CORPORATION d/b/a BLUE CROSS
AND BLUE SHIELD OF MONTANA,

      Third-Party Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV-21-556
Honorable Ashley Harada, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          D. Michael Eakin, Attorney at Law, Billings, Montana

      For Appellee CB1, Inc.:

          Martin S. Smith, Ryan A. Stewart, Felt Martin, PC, Billings, Montana

                 Submitted on Briefs:  November 13, 2024
                           Decided:  February 18, 2025

Filed:

                                         _____
                                              Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1    Katelyn and Ira Hove (collectively the Hoves) appeal the March 1, 2024 Order Granting Plaintiff's Motion for Summary Judgment and April 15, 2024 Order Denying Defendants' Rule 59 Motion to Alter or Amend issued by the Thirteenth Judicial District Court, Yellowstone County.  We reverse for action consistent with this Opinion.

¶2    We restate the issues on appeal as follows:

  1. *Whether a Declaration under § 1-6-105, MCA, is the equivalent of an affidavit.*

  2. *Whether the District Court erred in granting summary judgment in favor of CB1.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    In 2018, Katelyn Hove (Hove) was hospitalized in the Billings Clinic (the clinic) for pregnancy complications.  The clinic billed Blue Cross Blue Shield (BCBS) of Montana for Hove's services.  BCBS of Montana sent the clinic an explanation of benefits (EOB) explaining that BCBS of Texas was Hove's insurance provider.  According to Hove, BCBS of Texas sent her an EOB indicating it had paid $35,304.12 on Hove's hospital bill and indicated she may owe $770.48 to the provider.  The Texas EOB also showed that $32,427.10 was not covered by the plan.  Hove did not pay the remaining balance.

¶4    The clinic assigned the debt that was not paid to CB1, a debt-collection agency.  On May 13, 2021, CB1 filed suit on the debt against the Hoves.[1]  The complaint alleged breach of contract, breach of obligation, and unjust enrichment.  The Hoves named BCBS of Montana as a third-party defendant.  In 2023, CB1 moved for summary judgment based on

---

[1] Katelyn and Ira are married, and Katelyn is covered by Ira's insurance.

2

affidavits from the clinic detailing the various services Hove received and the balances due. Hove responded with a written declaration (the declaration) that disputed portions of the account. Attached to the declaration were an EOB sent to Hove by BCBS of Texas, and an email from the Montana Commissioner of Securities and Insurance. In her response, Hove claimed the clinic billed for three charges for time spent in the intensive care unit (ICU). However, Hove asserted she never spent time in the ICU.

¶5 The District Court granted the motion for summary judgment in favor of CB1 on March 1, 2024. The District Court reasoned the attached EOB was unverified, and the declaration was not in proper form. The court noted a party opposing a motion for summary judgment has the affirmative duty to respond by affidavits or sworn testimony. The District Court entered a final monetary judgment against the Hoves on March 29, 2024, of $61,810.20, which included outstanding principal, pre-judgment interest, pre-judgment costs, and interest that accrues on the judgment at a rate of 11.5% until fully paid.

¶6 The Hoves filed a motion to amend the judgment on March 29, 2024. In conjunction with their motion to amend, the Hoves attached a sworn affidavit relaying essentially the same information as the declaration. The Hoves asserted in their motion that the court should reconsider the judgment now that their affidavit was in the "correct form." The District Court denied the motion, reasoning the Hoves did not satisfy any of the four criteria under *Nelson v. Driscoll*, 285 Mont. 355, 948 P.2d 256 (1997) that would allow the court to alter or amend the judgment in their favor. Additionally, the District Court explained it had not entered judgment in favor of CB1 because of the form of their declaration but because the declaration and its attachments were inadmissible hearsay because they were

3

unverified and created by other people. The court also found the declaration was not dated by Hove, so it did not meet the criteria under § 1-6-105, MCA.

¶7 The Hoves appeal.

## STANDARD OF REVIEW

¶8 We review a district court's evidentiary ruling for abuse of discretion. *In re T.W.*, 2006 MT 153, ¶ 8, 332 Mont. 454, 139 P.3d 810. The district court has broad discretion in determining the admissibility of evidence. *Howard v. St. James Community Hospital*, 2006 MT 23, ¶ 17, 331 Mont. 60, 129 P.3d 126. A district court's preclusion of hearsay evidence is reviewed for abuse of discretion. *State v. Martinez*, 2023 MT 251, ¶ 18, 414 Mont. 340, 545 P.3d 652.

¶9 We review summary judgment rulings de novo applying the standards of M. R. Civ. P. 56. *Perl v. Grant*, 2024 MT 13, ¶ 10, 415 Mont. 61, 542 P.3d 396. Summary judgment is only proper when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3).

## DISCUSSION

¶10 *1. Whether a Declaration under § 1-6-105, MCA, is the equivalent of an affidavit.*

¶11 Section 1-6-105, MCA, states that when:

> any matter is required or permitted to be supported, evidenced, established, or proved by a person's sworn written declaration, verification, certificate, oath, or affidavit, the matter may with like force and effect be supported, evidenced, established, or proved by an unsworn written declaration, certificate, verification, or statement that is subscribed by the person as true under penalty of perjury.

Additionally, a declaration must abide by the proper formatting including a date, place, signature, and statement of "I declare under penalty of perjury that the foregoing is true

4

and correct." Section 1-6-105, MCA. Section 1-1-203, MCA, defines affidavit as "a sworn written declaration made before an officer authorized to administer oaths or an unsworn written declaration made under penalty of perjury as provided in 1-6-105." This section expressly encompasses unsworn declarations made under penalty of perjury within the meaning of affidavit.

¶12 Further, a deliberate falsification of an unsworn declaration constitutes perjury, and § 1-6-105, MCA, provides the same punishment for falsifying a declaration as § 45-7-202, MCA, provides for falsifying an affidavit or other sworn oath. Consequently, even though a declaration is unsworn before a notary or court, its substance carries the same weight and penalties as an affidavit. Thus, an unsworn declaration made under penalty of perjury as provided in § 1-6-105, MCA, is the equivalent of an affidavit.

¶13 Here, the District Court pointed out the declaration was not dated properly and therefore did not meet the statutory criteria under § 1-6-105, MCA. We note the declaration is dated March 2023, and although it is missing a day, it is signed by Hove who clearly averred it in support of her legal claims. While at times a specific day in a month may have some impact on the interpretation of a declaration, here the specific day of the month has no significance on the substance within the declaration, and the March 2023 date is sufficient to meet the statutory criteria.

¶14 *2. Whether the District Court erred in granting summary judgment in favor of CB1.*

¶15 Motions for summary judgment are decided based on the pleadings, the discovery and disclosure materials on file, and any affidavits. M. R. Civ. P. 56(c)(3). "[A]t the summary judgment stage, a court may consider only evidence that would be admissible at

5

trial." *In re Estate of Mead*, 2014 MT 264, ¶ 21, 376 Mont. 386, 336 P.3d 362. An affidavit either supporting or opposing summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." M. R. Civ. P. 56(e)(1). Any document referenced in the affidavit must be a sworn or certified copy, which is attached to or served with the affidavit. M. R. Civ. P. 56(e)(1). "Exhibits in support of an affidavit may be attached if a foundation is laid for such exhibits based on any exception to the rule excluding hearsay evidence." *Capital One, NA v. Guthrie*, 2017 MT 75, ¶ 24, 387 Mont. 147, 392 P.3d 158.

¶16 CB1 asserts the Texas EOB was not created by Hove, and she did not attach any other declaration or affidavit from someone who could verify and attest to its creation and credibility. CB1 also asserts the declaration itself contains inadmissible hearsay in the form of conversations Hove had with other people regarding the EOB and email.

¶17 The Hoves assert "[t]he district court should not have discounted her declaration and affidavit stating that she was never in the ICU simply because the explanation of benefits was unverified." The Hoves claim there are still issues of fact whether Hove was billed for treatment in the ICU. The Hoves claim the logical inference is that the course of treatment was coded incorrectly for insurance purposes, and as such, summary judgment was not proper.

¶18 Here, the District Court determined the declaration, EOB, and attached email were inadmissible hearsay. However, certain statements within the declaration were made based on Hove's own personal knowledge and are admissible. For example, Hove stated she never spent time in the ICU, yet she was billed for three separate ICU charges. Without

examining the other statements made in the declaration or the EOB, this statement made by Hove is on its own sufficient to raise a genuine issue of material fact and preclude summary judgment. As such, we need not consider whether the EOB and additional statements in the declaration are hearsay at this juncture.

¶19 Summary judgement may be granted only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3). "A genuine issue of material fact is a fact materially inconsistent with proof of an essential element of a claim or defense at issue." *Lawrence v. Pasha*, 2023 MT 150, ¶ 8, 413 Mont. 149, 533 P.3d 1029. "The opposing party's proffered evidence must be material and of a substantial nature, not fanciful, frivolous, gauzy or merely suspicious." *Pasha*, ¶ 9 (quotations omitted).

¶20 Hove declared, based on her own personal knowledge, that she never spent any time in the ICU, yet she was billed for it three separate times. This conflicts with CB1's factual assertion that Hove received necessary healthcare services and treatment from the clinic. Further, CB1 submitted an affidavit from the clinic's Director of Payer Relations, Rebecca Kelly. Kelly stated she reviewed both the Montana and Texas EOBs, and the Texas EOB was incorrect. Kelly stated both EOBs address the same portions of services relating to the debts in question, but the Montana EOB identifies $32,427.10 as patient responsibility. Although Kelly's affidavit asserts the Montana EOB was attached as an exhibit, it does not appear that it was attached, nor was the Montana EOB anywhere in the record. Thus, there remains a genuine material dispute of fact.

7

**CONCLUSION**

¶21     We find that a declaration executed under § 1-6-105, MCA, is equivalent to an affidavit and is sufficient supporting evidence at the summary judgment stage.  We find the District Court erred by granting summary judgment in favor of CB1 because Hove's declaration established there are genuine issues of material fact.  We thus reverse the March 1, 2024 Order Granting Plaintiff's Motion for Summary Judgment and the April 15, 2024 Order Denying Defendants' Motion to Alter or Amend and remand for trial on the merits.

/S/ INGRID GUSTAFSON

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE